An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DON H. COOPER A/K/A DONNY
COOPER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65579

**FILED**

NOV 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of two counts of open or gross lewdness.[1]  Eighth Judicial District Court, Clark County; Jerome T. Tao, Judge.

Appellant Don Cooper challenges only the conviction as to the first count of open and gross lewdness—namely, for rubbing his erect clothed penis against RS.  Cooper contends that the evidence presented at trial was insufficient to support the jury's finding of guilt on the basis that the evidence does not support finding that any erection was intentional.  Our review of the record on appeal, however, reveals sufficient evidence to establish guilt beyond a reasonable doubt as determined by a rational trier of fact.  *See Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

---

[1]The judgment of conviction erroneously states that appellant pleaded guilty.  Upon issuance of the remittitur, the district court shall enter an amended judgment of conviction that corrects this clerical error. *See* NRS 176.565; *Buffington v. State*, 110 Nev. 124, 126, 868 P.2d 643, 644 (1994).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-37300

RS testified that, while Cooper rode behind him as a passenger on a jet ski, Cooper reached through the straps of RS's life vest to hold on for support and rubbed RS's sides and that RS then felt Cooper's erect penis pressing into his back. In contrast, RS's mother testified that Cooper had held onto her life vest only very lightly when he rode behind her as a passenger earlier and that the jet ski was big enough that Cooper's chest was not touching her back when riding with her. RS's further testimony provides additional context that supports finding this sexual contact to be intentional. RS testified that, after feeling the erection pressing into his back, Cooper asked, "is this okay?" and grabbed RS's genitals. Additionally, RS testified that Cooper asked that they turn around to ride out farther when RS changed direction to return the jet ski to shore.

The jury could reasonably infer from the evidence presented that Cooper intentionally rubbed his erect clothed penis against RS's lower back. *See* NRS 201.210; *Young v. State*, 109 Nev. 205, 215, 849 P.2d 336, 343 (1993) (concluding that a conviction under NRS 201.210 requires that the sexual conduct be intentional); *cf. Rose v. State*, 123 Nev. 194, 203, 163 P.3d 408, 414 (2007) (noting that victim testimony alone may suffice to uphold a conviction in sexual assault cases). It is for the jury to determine the weight and credibility to give witness testimony, and the jury's verdict will not be disturbed on appeal where, as here, substantial evidence supports the verdict. *See Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); *see also McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992).

Having considered Cooper's contention and concluded that it is without merit, we

ORDER the judgment of conviction AFFIRMED.[2]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:     Hon. Jerome T. Tao, District Judge
        Kirk T. Kennedy
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

---

[2]To the extent that Cooper suggests that the district court's use of inappropriate language during a bench conference constituted error, he did not object below and has not demonstrated that relief is warranted.